# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN OWENS, | No. 4:23-CV-00898 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| JAIME WILLIAMS, | |
| Defendant. | |

## MEMORANDUM OPINION

### AUGUST 9, 2023

In June 2023, Plaintiff Christian Owens lodged the instant *pro se* civil rights lawsuit under 42 U.S.C. § 1983. This is Owens' tenth lawsuit in just over a year. He also moves for leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. However, because Owens has filed at least three federal lawsuits while incarcerated that have been dismissed for failure to state a claim, he is statutorily barred from proceeding IFP and must pay the full filing fee for this case.

## I. BACKGROUND

Owens is a well-known litigant in this Court, filing nine cases in less than seven months while incarcerated at Franklin County Jail.[1] In almost every case,

---

[1] *See generally Owens v. Carrie*, No. 4:22-cv-00553 (M.D. Pa. Apr. 15, 2022); *Owens v. Bogner*, No. 1:22-cv-01574 (M.D. Pa. Oct. 7, 2022); *Owens v. Deb*, No. 4:22-cv-01571 (M.D. Pa. Oct. 7, 2022); *Owens v. Heydt*, No. 1:22-cv-01614 (M.D. Pa. Oct. 14, 2022); *Owens v. Gelet*, No. 1:22-cv-01623 (M.D. Pa. Oct. 17, 2022); *Owens v. Donatto*, No. 4:22-cv-01685 (M.D. Pa. Oct. 26, 2022); *Owens v. Franzoni*, No. 4:22-cv-01686 (M.D. Pa. Oct. 26, 2022); *Owens v. Walker*,

Owens sought leave to proceed IFP and those motions were granted. He once again requests leave to proceed IFP in the instant case.[2] Owens, however, cannot proceed IFP here because he has had at least three prior dismissals for failure to state a claim and he is not in imminent danger. In other words, Owens has "struck out" under 28 U.S.C. § 1915(g) and his motion for IFP must be denied.

## II.   DISCUSSION

"To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule."[3] This rule is codified in Section 1915(g) of Title 28 of the United States Code and provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[4]

The three-strikes rule supplies "a powerful economic incentive" for prisoners to avoid filing "frivolous lawsuits or appeals."[5]

---

No. 4:22-cv-01687 (M.D. Pa. Oct. 26, 2022); *Owens v. Bechtold*, No. 4:22-cv-01781 (M.D. Pa. Nov. 7, 2022).
[2] *See* Docs. 4, 9.
[3] *Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)).
[4] 28 U.S.C. § 1915(g).
[5] *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (*en banc*).

Within Section 1915(g), Congress carved out a limited exception to the three-strikes rule, permitting a prisoner who has accrued three strikes to proceed IFP in a subsequent case if he establishes that he is facing "imminent danger of serious physical injury."[6] The United States Court of Appeals for the Third Circuit has held that an inmate "may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed."[7] "Imminent dangers" are ones which are "about to occur at any moment or are impending," not harms that have already occurred.[8] Claims of imminent danger that are "conclusory or ridiculous" do not qualify.[9]

As stated above, Owens has filed nine previous civil rights lawsuits in this district. At least five of those cases were dismissed for failure to state a claim upon which relief may be granted.[10] Owens, therefore, has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted."[11]

---

[6] 28 U.S.C. § 1915(g).
[7] *Abdul-Akbar*, 239 F.3d at 312.
[8] *Ball v. Famiglio*, 726 F.3d 448, 467 (3d Cir. 2013), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[9] *Id.* at 468.
[10] *See Owens v. Heydt*, No. 1:22-cv-01614, Docs. 10, 11 (M.D. Pa.); *Owens v. Donatto*, No. 4:22-cv-01685, Docs. 9-11 (M.D. Pa.); *Owens v. Franzoni*, No. 4:22-cv-01686, Doc. 9 (M.D. Pa.); *Owens v. Walker*, No. 4:22-cv-01687, Docs. 9-11 (M.D. Pa.); *Owens v. Bechtold*, No. 4:22-cv-01781, Docs. 11-13 (M.D. Pa.).
[11] 28 U.S.C. § 1915(g).

Nor has Owens asserted or pled facts that indicate that he is in imminent danger of serious physical injury. Owens presently alleges that he has not received certain commissary orders or that his commissary items have been tampered with and he had to return them.[12] Owens' claims do not implicate his physical safety, and therefore he cannot avail himself of the "imminent danger" exception.[13]

Accordingly, Owens' application for IFP must be denied. If Owen desires to proceed with the instant case, he must pay the requisite $402 fee, representing the $350 filing fee and $52 administrative fee applicable in the Middle District of Pennsylvania. If Owens does not timely pay the full fee, his case will be dismissed pursuant to 28 U.S.C. § 1914.

### III. CONCLUSION

Owens has struck out under the PLRA, so the Court will deny his request for leave to proceed *in forma pauperis* in the instant case. If Owens desires to continue with this case, he must pay the full $402 filing fee. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[12] *See* Doc. 1 at 4-6.
[13] *See Ball*, 726 F.3d at 468 (noting that imminent danger exception does not apply when allegations indicate that there "may not be 'danger' at all" (citation omitted)).